DAMON J. KEITH, Circuit Judge.
Petitioner Mario Elizondo (“Petitioner”) seeks review of the district court’s denial of his petition for writ of habeas corpus brought under 28 U.S.C. § 2254. Following a criminal jury trial in the State of Michigan, Petitioner was convicted of Criminal Sexual Conduct in the first and second degrees in violation of Mich. Comp. Laws §§ 750.520b, 750.520c. Petitioner timely filed this appeal, arguing that the state trial court judge pierced the veil of judicial impartiality in violation of his right to a fair trial under the Fifth and Fourteenth Amendments of the United States Constitution. Petitioner claims that his constitutional rights were violated when the trial judge took on the role of prosecutor by interrupting cross-examination on multiple occasions to question Petitioner regarding his testimony. The district court granted a Certificate of Appealability on this issue, and oral argument was held on October 19, 2016.
The Antiterrorism and Effective Death Penalty Act (“AEDPA”) outlines the appropriate standard of review for this case. AEDPA provides that:
An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
(1) resulted in a decision that was contrary to, or involved an unrea *562 sonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
28 U.S.C. § 2254(d). After a thorough review of the record, the arguments presented by the parties, and the relevant case law, we conclude that the state court determination was not contrary to clearly established federal law. Although Petitioner cited to the Michigan Supreme Court case of People v. Stevens, 498 Mich. 162, 869 N.W.2d 233 (2015) to support the proposition that a trial judge’s questioning of defense witnesses in front of a jury can show partiality and violate a defendant’s right to a fair trial, Stevens has never been cited to or adopted by a federal court. It is well-established that, “[i]n conducting ha-beas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.” Estelle v. McGuire, 502 U.S. 62, 68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); Landrum v. Mitchell, 625 F.3d 905, 913 (6th Cir. 2010). “[W]e do not consider on habeas review a state court’s determination of state law.” Railey v. Webb, 540 F.3d 393, 398 (6th Cir. 2008). Because no United States Supreme Court holding supports Petitioner’s claim of judicial bias flowing from a judge’s interrogation of a criminal defendant at trial, the state court proceeding did not result in a decision that was contrary to clearly established federal law.[1] See Carey v. Musladin, 549 U.S. 70, 77, 127 S.Ct. 649, 166 L.Ed.2d 482 (2006). Accordingly, we AFFIRM the district court’s denial of Petitioner’s habeas petition under 28 U.S.C. § 2254.

. Since the Sixth Circuit cases cited by the concurrence were decided, the Supreme Court has made it abundantly clear that "circuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court’ ” when conducting a review under AEDPA. Parker v. Matthews, 567 U.S. 37, 132 S.Ct. 2148, 2155, 183 L.Ed.2d 32 (2012) (quoting AEDPA, 28 U.S.C. § 2254(d)); see also Renico v. Lett, 559 U.S. 766, 130 S.Ct. 1855, 1865-1866, 176 L.Ed.2d 678 (2010) (overturning the Sixth Circuit for failing to conform to AEDPA standard of review).